**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TERRELL JAMES SUGGS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1114** |
| **NATHAN CAIN, WARDEN OF AVOYELLES CORRECTIONAL CENTER** | **SECTION "R"(4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

**I.      Factual Background**

The petitioner, Terrell James Suggs ("Suggs") is a convicted inmate incarcerated in the Avoyelles Correctional Center in Cottonport, Louisiana.[2]  On May 20, 2009, Suggs was charged by Bill of Information in Jefferson Parish with distribution of cocaine within 1000 feet of Jesse Owen Playground.[3]  Suggs entered a plea of not guilty to the charge on May 21, 2009.[4]

---

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 3.

[3]St. Rec. Vol. 1 of 3, Bill of Information, 5/20/09.

[4]St. Rec. Vol. 2 of 3, Minute Entry, 5/21/09.

The record reflects that, on March 13, 2009, Joseph Gueldner, an undercover agent with the Jefferson Parish Sheriff's Office ("JPSO"), went to the area of Starrett and Newton Streets near Jesse Owens Playground in Jefferson Parish.[5]  He was there in an attempt to make an undercover purchase of narcotics in this high crime area.  Gueldner was driving an unmarked vehicle that contained audio and video equipment to record any narcotics transactions that occurred.  His actions also were monitored by other officers who established surveillance in the area.

Agent Gueldner successfully purchased $80.00 worth of crack cocaine from an individual, later identified as Suggs, on Starrett Street within 1000 feet of a playground that was marked as a "drug-free zone."  The transaction was captured on videotape.  Agent Gueldner conducted a field test on the substance Suggs sold to him, and it tested positive for cocaine.

After obtaining a general description of the suspect, Agent Lisa Calcagno and other surveillance agents drove around for approximately one hour looking for a subject fitting the description.  They subsequently located Suggs, who fit the description of the suspect, across the street from the purchase area.  After speaking with Suggs, the agents photographed Suggs and filled out a field interview card, which contained Suggs's name, address, and physical description.  Agent Wally Davis prepared a photographic lineup and showed it to Agent Gueldner, who positively identified Suggs as the individual who sold him narcotics on the day in question.

---

[5]The facts were taken from the published opinion of the Louisiana Fifth Circuit Court of Appeal on appeal. *State v. Suggs*, 81 So.3d 815, 819 (La. App. 5th Cir. 2011); St. Rec. Vol. 3 of 3, 5th Cir. Opinion, 11-KA-64, pp. 3-4, 12/13/11.

Suggs was tried before a jury on February 2, 2010, and was found guilty as charged.[6]  The Trial Court sentenced Suggs on February 11, 2010, to serve thirty (30) years in prison at hard labor.[7] The State then filed a multiple offender bill charging Suggs as a third felony offender.[8]  The Trial Court thereafter adjudicated Suggs to be a third felony offender, vacated the prior sentence, and resentenced Suggs as a multiple offender to serve forty (40) years in prison at hard labor with the first two years to be served without benefit of parole, probation, or suspension of sentence and the remainder of the sentence to be served without probation or suspension of sentence.[9]

On direct appeal to the Louisiana Fifth Circuit Court of Appeal, Suggs's appointed counsel argued the following errors:[10] (1) the Trial Court imposed an illegal and excessive sentence; (2) counsel provided ineffective assistance when she failed to object to the sentence, the multiple bill hearing or move for reconsideration of the sentence; and (3) the sentence must be vacated for errors patent on the face of the record.  Suggs submitted *pro se* a supplemental brief asserting four grounds for relief:[11] (1) the evidence was insufficient to support the conviction; (2) the Trial Court erred in denying the pretrial motions to suppress the identification evidence; (3) the district attorney used improper methods calculated to produce a wrongful conviction; (4) the agents had malice in

---

[6]St. Rec. Vol. 1 of 3, Trial Minutes, 2/2/10; Jury Verdict, 2/2/10; St. Rec. Vol. 2 of 3, Trial Transcript, 2/2/10.

[7]St. Rec. Vol. 1 of 3, Multiple Offender Sentencing Minutes, 2/11/10; Multiple Bill Hearing Transcript, 2/11/10.

[8]St. Rec. Vol. 1 of 3, Multiple Bill, 2/11/10.

[9]St. Rec. Vol. 1 of 3, Multiple Offender Sentencing Minutes, 2/11/10; Multiple Bill Hearing Transcript, 2/11/10.

[10]St. Rec. Vol. 2 of 3, Appeal Brief, 2011-KA-0064, 2/18/11.

[11]St. Rec. Vol. 1 of 4, *Pro Se* Supplemental Brief, 2010-KA-0599, 9/14/10; 5th Cir. Order, 10-KA-599, 8/24/10.

attempting to discover if Suggs committed the crime; and (5) counsel provided ineffective assistance in preparing for trial.

On December 13, 2011, the Louisiana Fifth Circuit affirmed the conviction and ordered the Trial Court to correct certain sentencing errors.[12]  On December 20, 2011, the Trial Court nunc pro tunc corrected its commitment order to reflect that Suggs's sentence was not to run concurrently with his other sentences, and the Trial Court later issued an order advising Suggs of his post-conviction filing deadlines.[13]

On January 4, 2012, Suggs submitted *pro se* a writ application to the Louisiana Supreme Court seeking review of only the following issues:[14] (1) the evidence was insufficient to support the conviction; (2) counsel provided ineffective assistance in preparing for trial; (3) the district attorney used improper methods calculated to produce a wrongful conviction; (4) the Trial Court imposed an illegal and excessive sentence; and (5) the sentence must be vacated for errors patent on the face of the record.  The Supreme Court denied the application without stated reasons on April 20, 2012.[15]

Suggs's conviction and sentence became final ninety (90) days later, on July 19, 2012, because he did not file a writ application with the United States Supreme Court.  *Ott v. Johnson*, 192

---

[12]*Suggs*, 81 So.3d at 815; St. Rec. Vol. 3 of 3, 5th Cir. Opinion, 11-KA-64, 12/13/11.

[13]St. Rec. Vol. 1 of 3, Nunc Pro Tunc Minute Entry, 12/20/11; Trial Court Per Curium Order, 12/27/11.

[14]St. Rec. Vol. 3 of 3, La. S. Ct. Writ Application, 12-KO-0054, 1/6/12 (postal metered 1/4/12); St. Rec. Vol. 1 of 3, La. S. Ct. Letter, 2012-KO-54, 1/6/12.

[15]*State v. Suggs*, 85 So.3d 1269 (La. 2012); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2012-KO-0054, 4/20/12; La. S. Ct. Writ Application, 12-KO-0054, 1/6/12 (postal metered 1/4/12).

F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S. S. Ct. Rule 13(1).

During that period, on May 17, 2012, Suggs submitted an application for post-conviction relief to the Trial Court asserting the following grounds for relief:[16] (1) the evidence was insufficient to support the conviction; (2) he was sentenced vindictively for exercising his right to go to trial; and (3) he was denied effective assistance of counsel during pretrial motions.  After receiving a response from the State, the Trial Court denied relief on December 17, 2012.[17]

The Trial Court found that the first issue was procedurally improper for post-conviction review under La. Code Crim. P. art. 930.3 and as repetitive of matters addressed on direct appeal under La. Code Crim. P. art. 930.4(C).  The Trial Court determined that the second issue was also procedurally barred from post-conviction review under *State ex rel. Melinie v. State*, 665 So.2d 1172 (La. 1996), La. Code Crim. P. art. 930.3, and *State v. Hebreard*, 708 So.2d 1291 (La. App. 4th Cir. 1998).[18]  Finally, the Trial Court resolved that Suggs's claims of ineffective assistance of counsel during sentencing and the multiple offender proceeding were barred from post-conviction review under *State ex rel. Melinie*, La. Code Crim. P. art. 930.3 as addressed in *State v. Cotton*, 25 So.3d

---

[16]St. Rec. Vol. 1 of 3, Application for Post-Conviction Relief, 5/31/12 (dated 5/17/12).

[17]St. Rec. Vol. 1 of 3, Trial Court Order, 12/17/12; State's Response, 10/23/12; Trial Court Order, 6/25/12.

[18]La. Code Crim. P. art. 930.3 sets forth the grounds on which post-conviction relief can be granted.  In *State ex rel. Melinie*, the Louisiana Supreme Court, relying on La. Code Crim. P. art. 930.3, ruled that claims of excessive sentence or errors in sentencing which should be raised on direct appeal were not proper grounds for post-conviction relief.  The state courts extended that rule in *State v. Hebreard*, 708 So.2d 1291 (La. App. 4th Cir. 1998) for challenges to multiple bill proceedings.

1030 (La. 2010).  The Court also found his remaining arguments of ineffective assistance of counsel to be meritless under the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

On February 11, 2013, Suggs submitted a notice of intent to seek review of the Trial Court's December 17, 2012, ruling.[19]  The Trial Court set a return date on March 19, 2013.[20]  In the meantime, however, Suggs filed a writ application in the Louisiana Fifth Circuit on February 8, 2013.[21]

The Louisiana Fifth Circuit denied the application on March 26, 2013, as untimely filed outside of the thirty (30) period for seeking review of the Trial Court's order and for failure to provide the necessary documents for the Court's review required under La. App. R. 4-5(C)(8)-(9).[22] The Louisiana Supreme Court also denied Suggs's subsequent and untimely-filed[23] writ application without stated reasons on August 30, 2013.[24]

_____

[19]St. Rec. Vol. 1 of 3, Notice of Intent, 2/11/13.

[20]*Id.*

[21]St. Rec. Vol. 3 of 3, 5th Cir. Writ Application, 13-KH-109, 2/8/13.

[22]St. Rec. Vol. 3 of 3, 5th Cir. Order, 13-KH-109, 3/26/13.  Under La. App. R. 4-3, petitioner had 30 days from issuance of the lower court's order to file a writ application.

[23]Pursuant to La. S. Ct. R. X§5, petitioner had 30 days from the issuance of the state appellate court's decision to mail or file a timely writ application in the Louisiana Supreme Court, which he did not do.

[24]*State v. Suggs*, 120 So.3d 265 (La. 2013); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2013-KP-0943, 8/30/13; La. S. Ct. Writ Application, 13-KP-943, hand delivered and filed 4/26/13.

## II.    **Federal Habeas Petition**

On August 11, 2014, the clerk of this Court filed Suggs's petition for federal habeas corpus relief in which he raised the following grounds for relief:[25] (1) insufficient evidence to convict; (2) he was sentenced vindictively for exercising his right to go to trial; and (3)  he received ineffective assistance of counsel during pretrial motions and where counsel failed to investigate and present an alibi defense.

The State filed a response in opposition to the petition arguing that Suggs failed to properly exhaust state court remedies, is procedurally barred from review on certain issues, and otherwise is not entitled to relief.[26]   In his reply to the State's opposition, Suggs' argues that the State's exhaustion analysis is incorrect, his claims are not in default, and his claims have merit.[27]

## III.   **General Standards of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[28] applies to this petition, which is deemed filed in this court by Suggs under the federal mailbox rule on May 11, 2014.[29]   The threshold questions on habeas review under the

---

[25]Rec. Doc. No. 3.

[26]Rec. Doc. No. 10.

[27]Rec. Doc. No. 11.

[28]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[29]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378

amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and the claims must not be in "procedural default." *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

As indicated above, the State discussed the timeliness of the petition and urged that Suggs failed to fully exhaust his claims and that some of his claims are in procedural default.  As will be further discussed, the State's timeliness calculation contains obvious errors in calculation which render it unreliable and incorrect in its resolutions.  The State incorrectly assumed that Suggs's last Louisiana Supreme Court writ was timely filed and it was not.  A proper reading of the record instead reflects that the state court pleading was not timely filed and can offer Suggs no tolling of the federal filing period.  As a result, this federal petition was not timely filed and can be dismissed for that reason.

## IV.   <u>Statute of Limitations</u>

The United States Supreme Court has held that "district courts are permitted, but not obligated, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."  *Day v. McDonough*, 547 U.S. 198, 209 (2006).  "[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions . . .  and assure itself that the petitioner is not significantly prejudiced by the delayed focus on the limitation issues, and

---

(5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Suggs's federal habeas petition on August 11, 2014, when the filing fee was paid after denial of pauper status.  Suggs dated his signature on the petition on May 11, 2014.  This is the earliest date appearing in the record on which he could have delivered his pleadings to prison officials for mailing to the Court.  The fact that he later paid the filing fee does not alter the application of the federal mailbox rule to his pro se petition. *See Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 376).

'determine whether the interests of justice would be better served' by addressing the merits or by dismissing the petition as time barred." *Id*. 547 U.S. at 210 (citations omitted).

Having thoroughly reviewed the record, the Court can find no undue prejudice arising from the consideration of the timeliness issue and justice would be served by the dismissal of this petition as time-barred resulting from petitioner's own dilatory actions.  The record does not reflect any reason other than inadvertence and mathematical error for the State's failure to recognize the untimeliness of this federal petition.  *See Prieto v. Quaterman*, 456 F.3d 511 (5th Cir. 2006) (*citing Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998).  This inadvertence does not constitute a waiver of the defense.  Accordingly, **petitioner is hereby specifically advised and instructed that this report and recommendation is notice to him that this Court is *sua sponte* raising the issue of procedural default and that petitioner must submit any evidence or argument concerning the default as part of any objections he may file to this report.**  *Magouirk*, 144 F.3d at 350, 360. The Court therefore will address the limitations issue *sua sponte*.

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[30]  *Duncan v. Walker*, 533 U.S. 167, 176-80 (2001).  As calculated above,

---

[30]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here: (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Suggs's conviction was final on July 19, 2012, which was ninety (90) days after the Louisiana Supreme Court denied his post-appeal writ application.  Pursuant to § 2244, Suggs had one year from that date, or until July 19, 2013, to file a timely federal application for habeas corpus relief which he did not do.  Thus, literal application of the statute would bar Suggs's § 2254 petition as of that date unless he is entitled to tolling as provided for under the AEDPA.

A.      **Statutory Tolling**

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.  *See* 28 U.S.C. § 2244(d)(2).  In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing.  *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-08 & n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 468-69 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999) (Table).  For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings.  *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006).  The Court has applied this rule where appropriate in presenting the procedural history recited above.

---

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.  28 U.S.C. § 2244(d).

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000)) (finding that a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.'"); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (finding that a state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by Carey*, 536 U.S. 214 (finding that a motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 687-88 (5th Cir. 2005).

In the instant case, Suggs had an application for post-conviction relief pending in the state trial court when his conviction became final on July 19, 2012. This filing tolled the start of the AEDPA filing period during its pendency. The state trial court denied the application on December 17, 2012. His subsequent filings, however, were procedurally deficient and did not seek timely

review of the Trial Court's order by January 16, 2013, which was the thirty-day deadline he had to seek review under La. App. R. 4-3.[31]  As recognized by the Louisiana Fifth Circuit, Suggs's writ application was filed by a paralegal service (not Suggs) on February 8, 2013, although it is dated February 9, 2013.[32]  His notice of intent also was untimely filed by hand-delivery in the Trial Court on February 11, 2013.

It is well settled that "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (citing *Carey v. Saffold*, 536 U.S. 214, 226 (2002).  Suggs receives no tolling benefit for the filing of that untimely Louisiana Fifth Circuit writ application.

In addition, the record shows that Suggs's subsequent writ application was untimely filed with the Louisiana Supreme Court on April 26, 2013, which was more than thirty (30) days after the Louisiana Fifth Circuit issued its ruling on March 26, 2013.  Under La. S. Ct. R. X§5, a writ application must be mailed or filed within thirty (30) days after the appellate court's ruling to be properly filed, timely, and reviewable by the Louisiana Supreme Court.  *See Butler*, 533 F.3d at 317. This rule called for Suggs, or in this case his paralegal preparer, to have mailed or filed the application with the Louisiana Supreme Court on or before April 25, 2013.

However, the paralegal preparer (not Suggs) signed, dated, and filed the writ application by hand-delivery on the afternoon of April 26, 2013.  Missing a filing deadline by even a short period

---

[31]St. Rec. Vol. 4 of 4, 5th Cir. Order, 12-KH-778, 11/8/12.

[32]The prison mailbox rule would not apply to a pleading prepared and submitted by a representative party from outside of the jail.

12

nevertheless renders a pleading untimely filed. *Accord Lookingbill v. Cockrell*, 293 F.3d 256, 265 (5th Cir. 2002). Under federal habeas corpus law, this untimely state court filing cannot be considered in the tolling calculation. *Id*. at 319 (La. S. Ct. R. X§5(a) forbids any extension of time); *Williams*, 217 F.3d at 309-11 (same); *see also*, *Pace*, 544 U.S. at 414.

As a result, the AEDPA filing period began to run on January 17, 2013, when the underlying Trial Court ruling was no longer pending. The one-year filing period continued to run uninterrupted for 365 days, or until January 16, 2014, when it expired. For the reasons previously explained, Suggs had no properly filed state application for post-conviction or other collateral review pending during that time period. His federal petition deemed filed on May 11, 2014, was not timely filed in this Court under the AEDPA.

### B.   No Equitable Tolling

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus. *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. *Pace*, 544 U.S. at 418-19; *see Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner. *See Holland v. Florida*, 560 U.S. 631, 652-53 (2010) (finding that

13

equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (finding that equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (finding that tolling was warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) ("A garden variety claim of excusable neglect does not support equitable tolling.") (quotation omitted); *Fisher*, 174 F.3d at 715 (finding that tolling is not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (finding that State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended the deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

Suggs has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling to the § 2244(d) calculation. The record does not contain any of the extraordinary circumstances previously recognized by the precedent cited above that

would warrant equitable tolling.  The record instead reflects that petitioner was not diligent in pursuing federal habeas review in a timely manner.  There is no basis for equitable tolling here.[33]

For all of the foregoing reasons, Suggs's federal petition deemed filed on May 11, 2014, which was five months after the one-year AEDPA filing period expired on January 16, 2014, is untimely filed and should be dismissed for that reason.

## V.    Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Suggs's petition for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

---

[33]For the benefit of a reviewing court, the Court notes that the United States Supreme Court's holdings in *Martinez v. Ryan*, __ U.S. __, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, __ U.S. __, 133 S. Ct. 1911 (2013), also do not provide an excuse for Suggs's failure to timely file this federal petition.  In *Martinez*, the Supreme Court held that a state imposed "'procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'"  *Trevino*, 133 S. Ct. at 1912 (quoting *Martinez*, 132 S. Ct. at 1320) (emphasis added).  The bar to review here is Suggs's failure to meet the federal limitations deadline under the AEDPA.  The *Martinez* and *Trevino* decisions do not address or provide an excuse for the untimely filing of a federal habeas petition.  *See*, *Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); *Smith v. Rogers*, No. 14-0482, 2014 WL 2972884, at * 1 (W.D. La. Jul. 2, 2014); *Falls v. Cain*, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun.13, 2014) (Order adopting Report).
These cases also do not constitute new rules of constitutional law made retroactive on collateral review that would start a new one-year filing period under the AEDPA.  *See*, *In re Paredes*, No. 14-51160, 2014 WL 5420533, at *6 (5th Cir. Oct. 25, 2014) ("... the Supreme Court has not made either *Martinez* or *Trevino* retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."); *Adams v. Thaler*, 679 F.3d 312, 322 n.6 (5th Cir. 2012).  Neither *Martinez* nor *Trevino* offer Suggs any equitable or statutory relief from his untimely filing under the AEDPA.

court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[34]

New Orleans, Louisiana, this 27th day of January, 2015.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[34]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.