UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TERRELL JAMES SUGGS                           CIVIL ACTION

VERSUS                                        NO: 14-1114

NATHAN CAIN, WARDEN OF                        SECTION: R(4)
AVOYELLES CORRECTIONAL CENTER

### ORDER AND REASONS

Before the Court is Terrell James Suggs' petition for federal habeas corpus relief under 28 U.S.C. § 2254.  The Magistrate Judge recommends that Suggs' petition be dismissed with prejudice.[1]  The Court, having reviewed de novo the petition, the record, the applicable law, the Magistrate's Report and Recommendation ("R&R"), and Suggs' objections thereto, hereby approves the R&R and adopts it as its opinion.

The Magistrate Judge recommends that the Court dismiss Suggs' habeas petition as untimely under the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).[2]  Suggs does not refute the Magistrate Judge's conclusion that his petition was not filed within the one-year limitations period.  Instead, Suggs argues that the Magistrate Judge erred in holding that Suggs was not entitled to equitable tolling to excuse his late filing.  More specifically, Suggs argues

_____

[1] R. Doc. 12.

[2] *Id.* at 15.

that the Court should apply equitable tolling because, "due to disciplinary allegations and causes," Suggs was placed in administrative segregation and was therefore unable to file his petition within the one-year period.[3]

The AEDPA statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). *See also United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000) (AEDPA's one-year limitations period is subject to equitable tolling only "in rare and exceptional circumstances"). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Id.* at 632 (internal quotations omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioners' own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).

Here, the Magistrate Judge correctly concluded that Suggs is not entitled to equitable tolling. Suggs' placement in administrative segregation is not a "rare or exceptional circumstance" warranting equitable tolling. *Madis v. Edwards*, 347 F. App'x 106, 108 (5th Cir. 2009) ("[P]lacement in administrative segregation or solitary confinement is generally not grounds for

---

[3] R. Doc. 13 at 2.

equitable tolling."); *see also Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004), *cert. denied*, 543 U.S. 999 (2004) ("[L]ockdowns and periods in which a prisoner is separated from his legal papers are not 'exceptional circumstances' in which equitable tolling is appropriate."). Accordingly, the Court finds that Suggs' placement in administrative segregation does not warrant equitable tolling to excuse Suggs' failure to file his habeas petitioner within the one-year limitations period prescribed by the AEDPA. *See Madis*, 347 F. App'x at 108 (transfers between prison units, separation from legal materials, and administrative segregation are not "rare or exceptional" circumstances warranting equitable tolling).

Rule 11(a) of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000)) (quotation marks removed).

Here, the Court denies Suggs' habeas petition because he failed to file it within AEDPA's one-year limitation period. The Court concludes that Suggs' petition would therefore not generate debate among reasonable jurists. Accordingly, the Court will not issue a certificate of appealability.

For the foregoing reasons, the Court DENIES Suggs' petition for *habeas corpus* and DENIES a certificate of appealability.


New Orleans, Louisiana, this __29th__ day of June, 2015.


_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

4